**BRIAN KEITH HERRON**                                                    **PETITIONER**

**v.**                                                    **CIVIL ACTION NO. 4:18-CV-P88- JHM**

**WARDEN CHARLES L. LOCKETT**                                    **RESPONDENT**

## MEMORANDUM OPINION

Petitioner Brian Keith Herron filed this *pro se* action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. The Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases.[1] Upon review, the Court finds that the petition must be dismissed.

## I. PRELIMINARY REVIEW

Petitioner Herron was sentenced by this Court on June 21, 2005, to a total term of imprisonment of 420 months after being convicted of armed bank robbery and other crimes. *United States v. Herron*, No. 4:03-CR-8-JHM. Petitioner filed a *pro se* motion in his criminal action seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) in light of his serious medical issues. On March 19, 2018, the Court denied Plaintiff's motion finding that it did not have the authority to modify Petitioner's sentence under § 3582(c). The instant petition was filed on May 29, 2018.[2]

Petitioner is incarcerated in the Coleman U.S. Penitentiary in Coleman, Florida. Because a district court must direct a writ of habeas corpus "to the person having custody of the person

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 cases.

[2] "Under the prison mailbox rule, a habeas petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012); *see also Houston v. Lack*, 487 U.S. 266 (1988). In this case, Petitioner certified that he placed his petition in the prison mail system on May 29, 2018.

detained," 28 U.S.C. § 2243, the proper venue for a § 2241 petition is the judicial district where the petitioner is confined or where his custodian is located. *Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 495-96 (1973); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003). Thus, because Petitioner is currently in custody in Florida, proper venue would lie in a district court in Florida where his custodian is located.

Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which mandates the transfer of such an action "if the transfer is in the interest of justice." *See Roman v. Ashcroft*, 340 F.3d at 328 (§ 1631 allows transfers of habeas petitions). A court may decide to dismiss an action rather than transferring it under § 1631 either because (1) no permissible federal court would have jurisdiction over the action, or because (2) "transfer would not be in the interest of justice." *Id.* Here, the Court finds that a transfer would not be in the interest of justice because a first "peek at the merits" of the case shows that the transfer would ultimately prove futile. *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (court authorized to take a "'peek at the merits' to avoid raising false hopes and wasting judicial resources resulting from transferring case which is clearly doomed.")

In the instant petition, Petitioner indicates that he is challenging the Bureau of Prison (BOP)'s decision not to motion this Court for a "compassionate reduction in his sentence." The BOP has the authority to seek a modification of a prisoner's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides that a federal court "may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the [BOP], may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* The statute places no limits on the BOP's

authority to seek or not seek a sentence reduction on behalf of a prisoner, nor does it define—or place any limits on—what "extraordinary and compelling reasons" might warrant such a reduction. The BOP, in other words, has broad discretion in its decision to move the Court for a sentence modification under § 3582(c)(1)(A)(i).

In light of this "broad grant of discretion," the Sixth Circuit has held that a federal court does have not subject matter jurisdiction over a § 2241 petition that seeks the review of a decision by the BOP not to seek the compassionate release of an inmate under § 3582(c)(1)(A)(1). *Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011); *see also Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (holding that the district courts lack "jurisdiction to *sua sponte* grant compassionate release" and that "[a] district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons"). Other circuits have reached the same conclusion. *See Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir. 1991) (holding that the BOP's decision whether to seek a compassionate release under the predecessor to § 3582(c)(1)(A)(1) was unreviewable); *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir. 1990) (same); *Turner v. United States Parole Comm'n*, 810 F.2d 612, 615 (7th Cir. 1987)(same).[3]

Thus, because it appears that the instant § 2241 petition is without merit, the Court finds that it would not be in the interest of justice to transfer the petition and will, instead, dismiss the action for lack of jurisdiction.

---

[3] The Court notes that Petitioner states that he seeks relief by way of a § 2241 petition because he was informed to do so "via Order of this Court." Petitioner then cites the recent Memorandum and Order from his criminal action in which the Court denied his § 3582(c) motion for a sentence reduction for lack of authority. In that Order, the Court indicated that any complaint about the manner of execution of a sentence must first be exhausted through the BOP's administrative procedure and then addressed by way of a § 2241 petition. Although the Court is sympathetic to Petitioner's interpretation of that language, the Order did not direct Petitioner to file a § 2241 petition or address whether the specific relief sought by Petitioner could be obtained by filing such a petition.

## II. CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:  June 25, 2018

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:     Petitioner, *pro se*
          U.S. Attorney
4414.011

4